UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WINTER LAVON MALONE,<br><br>    Plaintiff,<br><br> v.<br><br>KING COUNTY JAIL,<br><br>    Defendant. | Case No. C23-818-JLR-MLP<br><br>ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND |

## I. INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Winter Lavone Malone ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a pretrial detainee at the King County Jail in Seattle, Washington. Plaintiff's proposed complaint requests that the King County Jail make naloxone available to its inmates. (*See* dkt. # 6-1 at 4.)

The Court has screened Plaintiff's proposed complaint and identified several deficiencies Plaintiff must correct before the Court orders service. As explained below, the Court DECLINES to direct that Plaintiff's complaint (dkt. # 6-1) be served and GRANTS him leave to file an amended complaint.

## II. BACKGROUND

In his proposed complaint, Plaintiff identifies a single count in which he complains that the King County Jail does not have naloxone available to inmates at the facility in case of an overdose. (*See* dkt. # 6-1 at 3-4.) As relief, Plaintiff requests $4 million dollars to make naloxone available to inmates at the King County Jail, and other jails, for use in the event of inmate overdoses. (*Id.* at 9-10.)

## III. DISCUSSION

### A. Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

**B.      Deficiencies**

Plaintiff's proposed complaint, albeit noble, is generally deficient because it fails to identify a viable defendant for his claim and it alleges no facts demonstrating he is entitled to any form of relief pursuant to § 1983.

First, the Court observes that Plaintiff has raised his sole claim against the King County Jail. (*See* dkt. # 6-1 at 3.) Plaintiff is advised the King County Jail, as a government unit of King County, is not a proper Defendant in this action. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued."). A local government unit or municipality, such as King County, can be sued as a "person" under § 1983. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). However, a plaintiff seeking to impose liability on a

1  municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her

2  injury, and must demonstrate that the municipality, through its deliberate conduct, was the

3  "moving force" behind the injury alleged. *Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 403-404

4  (1997) (citing *Monell*, 436 U.S. at 694). Consequently, if Plaintiff wishes to pursue a claim

5  against King County, he will need to clearly identify the custom or policy that he intends to

6  challenge, and he will need to set forth clear and specific facts demonstrating that the challenged

7  custom or policy caused him constitutional harm.

8        Next, Plaintiff's claim requests only that naloxone be made available to inmates at the

9  King County Jail (*See* dkt. # 6-1 at 4.) At this stage, Plaintiff's request fails to articulate a

10  cognizable claim pursuant to § 1983 as Plaintiff fails to allege that he has personally suffered a

11  constitutional deprivation and that such violation was caused by a person acting under color of

12  state law. *See Crumpton*, 947 F.2d at 1420; *Arnold*, 637 F.2d at 1355. To proceed, Plaintiff is

13  advised that he must specifically identify an individual and/or entity whom he alleges caused him

14  harm, he must identify the constitutional right he believes was violated by the conduct of that

15  individual and/or entity, and he must allege specific facts demonstrating how that individual

16  and/or entity personally participated in causing him constitutional harm.

17        Finally, though not entirely clear, Plaintiff's proposed complaint does not appear to

18  indicate whether he has sought to exhaust any of his administrative remedies with regard to his

19  request that naloxone be made available to King County Jail inmates. (*See* dkt. # 6-1 at 4.) The

20  Prison Litigation Reform Act of 1996 provides that: "No action shall be brought with respect to

21  prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

22  any jail, prison, or other correctional facility until such administrative remedies as are available

23  are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to all prisoner lawsuits

concerning prison life, whether such actions involve general conditions or episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Thus, Plaintiff is advised that his claim will be subject to dismissal, without consideration of the merits, if he failed to exhaust his administrative remedies with regard to such claim.

### IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

(1)   The Court declines to direct that Plaintiff's complaint be served on Defendant because of the deficiencies identified above. However, Plaintiff is granted leave to file an amended complaint curing the noted deficiencies within **thirty (30) days** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify the Defendant(s), the constitutional claim(s) asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

(2)   The Clerk shall note this matter on the Court's calendar for **September 8, 2023,** for review of Plaintiff's amended complaint.

(3)     The Clerk is directed to send Plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send copies of this Order to Plaintiff and to the Honorable James L. Robart.

Dated this 7th day of August, 2023.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge